OPINION
This is an appeal from Muskingum County Court of Common Pleas.
Appellant, David M. Untied, lists Three Assignments of Error.
 ASSIGNMENTS OF ERROR I. THE APRIL 16, 2001 ENTRY BY THE TRIAL COURT VIOLATED THE APPELLANT'S RIGHT TO DUE PROCESS OF LAW AND WAS A VOID ORDER ENFORCING PRIOR VOID ORDERS.
 II. THE TRIAL COURT ERRORED [SIC] BY NOT GRANTING OR AT LEAST RULING ON THE APPELLANT'S MOTIONS TO DISMISS AND MOTION FOR PREVENTIVE INJUNCTION.
 III. THE TRIAL COURT ERRORED [SIC] BY DENYING THE APPELLANT A PROPER DISCOVERY PROCESS.
 STATEMENT OF THE FACTS AND CASE
The facts of this case are that appellant was the owner of certain real estate at 501 Wheeler Dr., Duncan Falls, Ohio.
Appellee was the holder of a note executed by appellant and Jacqueline Kay Untied. It was secured by a mortgage on the above premises.
Appellee commenced a foreclosure on such mortgage in Case No. CE98-0788 in such court on September 28, 1998.
On March 23, 2000 appellee was granted Summary Judgment as to its Complaint granting foreclosure and issuing an Order of Appraisal.
The foreclosure then proceeded after appraisal, through advertisement for Sheriff's sale.
The May 19, 2000 sale to appellee was confirmed on July 10, 2000.
A deed to appellee was recorded January 3, 2001.
A Writ of Possession was requested by appellee as certain non-parties were occupying such property. This was granted with the issuing date being April 16, 2001.
No appeal was taken from the foreclosure by appellant but from the Entry ordering the Writ of Possession.
As to each of appellant's three Assignments of Error we must disagree.
The sale to appellee of May 19, 2000 as confirmed on July 10, 2000 divested appellant of all interest in the subject premises. As no appeal had been taken from the foreclosure action he had no interest thereafter subject to any right of due process. R.C. § 2329.36, Jashenosky v.Volrath (1899), 59 Ohio St. 46.
As no appeal was taken from the foreclosure, the provisions of the Fair Debt Collection Practices Act are inapplicable at this stage.
No oral hearing as to the confirmation of sale was necessary nor required:
 . . . neither of the due process clause of the United States Constitution nor Civil Rule 7(b)(2) require that the mortgagor in a foreclosure proceeding must be afforded a hearing prior to the confirmation of sale where the Trial Court has complied with all the statutory requirements contained in Ohio Revised Code 2329.01 to 2329.61 inclusive: the granting of such a hearing lies within the sound discretion of the Trial Court. Union Bank Co. v. Brumbaugh (1982), 69 Ohio St.2d 202.
The arguments as to the trial court failing to rule on the Motion to Dismiss and for Injunction relate to the foreclosure from which no appeal was taken. Therefore the issues with respect thereto are moot.
Appellant has no right as a non-party to the Order of Restitution which is the subject of this appeal under Civ. R. 26.
Therefore, each of the three Assignments of Error are rejected and the decision of the Common Pleas Court is affirmed.
By BOGGINS, J. EDWARDS, P.J. and GWIN, J. concur
 JUDGMENT ENTRY
For the reasons stated in the Memorandum-Opinion on file, the judgment of the Court of Common Pleas of Muskingum County, Ohio, is affirmed. Costs to appellant.